Arthur F. BROMMER, Appellant,

v.

UNITED STATES, Appellee.

No. 2435.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 2, 1959.

Decided Jan. 19, 1960.

Rehearing Denied Jan. 29, 1960.

Alvin Gordon, Washington, D. C., for
appellant.

William W. Greenhalgh, Asst. U. S.
Atty., Washington, D. C., with whom Oli-
ver Gasch, U. S. Atty., and Carl W. Bel-
cher, Asst. U. S. Atty., were on the brief,
for appellee. Harry T. Alexander, Asst. U.
S. Atty., Washington, D. C., also entered
an appearance for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant was convicted by a jury of the crime of false pretenses. Code 1951, § 22–1301 (Supp. VII). No question is raised as to the sufficiency of the evidence. The errors assigned concern certain matters arising during the course of the trial.

Appellant first claims that the court erred when prior to the opening statement of the Assistant United States Attorney, and at the latter's request, it instructed his counsel to refrain from mentioning that the facts of the transaction involved in the false pretenses trial had theretofore been presented to the Grand Jury as a charge of forgery and that it had ignored the charge. The court was clearly right. The main thrust of appellant's counsel in this connection is that the Government's case depended largely on the testimony of a certain witness; that counsel was entitled to show that this same witness had testified at the Grand Jury hearing and that as that body had supposedly disbelieved him, it followed that the trial jury in this case probably also would have disbelieved him. We do not know, of course, whether the ignoramus of the Grand Jury was based on the fact that it did not believe the witness; it could have predicated its action on a variety of reasons. In any event the fact that it ignored the charge was neither material nor relevant to the trial jury's consideration of this case.

Appellant's second contention concerns the following situation: When he was testifying in his own behalf, his counsel elicited from him the fact that he had been convicted of embezzlement in 1948 and placed on probation. He then asked him if he had been convicted of any offense since 1948. Appellant first answered that he had not been *in any trouble* since 1948; then stated he had not been *convicted* of anything since 1948. On cross-examination Government counsel asked appellant whether in response to the question concerning his conduct since 1948, his answer was that he had not been *in any trouble* since the year in question; he replied that his answer was that he had not been *convicted*. At this point his counsel moved for a mistrial, which was denied. So far as the record discloses, Government counsel made no further inquiry concerning the matter. Appellant's answer in response to his counsel's question was equivocal; he first stated he had not been *in any trouble,* then that he had not been *convicted*. Government counsel was justified in pursuing the matter to determine which answer appellant intended to be bound by. If his first reply was to stand, it would seem he was attempting to place his character in evidence. While the prosecutor may not initially attack a defendant's character, "[a]fter a defendant has attempted to show his good character in his own aid, however, the prosecution may, in rebuttal, offer evidence of his bad character." (Citation omitted.) Josey v. United States, 77 U.S. App.D.C. 321, 323, 135 F.2d 809, 811. Once the appellant told the prosecutor that his answer simply referred to the absence of a *conviction,* the matter ended. We see no error.

Finally the record discloses that at one point during the trial, during a bench conference, counsel for appellant pointed out to the court a juror who at that moment was engaged in a conversation with another juror seated behind her. Counsel stated that the juror had either been asleep or had been sitting with her eyes closed in an appearance of sleep on several occasions during the trial and he moved for a mistrial on that ground. Both the court and the prosecutor stated they had not observed the behavior charged and the court denied the motion. Counsel offered no evidence other than his own statement in support of his contention. We cannot say that the court erred in denying the mistrial.

Affirmed.